UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES 1-114,

        Plaintiffs,

v.
                                  Case No: 10-11837
                                  Honorable David M. Lawson

ABDZHRA SHALUSHI, AHMED
ALABADI, HUSSEIN ALSAEDI, KATHUM
AL-AUMARY, ABDUL KAREEM FRADI,
MAJED FRADI, KHALID AMEN,
ABDULKARIM ALKENANY, MOHSIN
ALJEBORY, ABDULKHALIQ
ALMAHANNA, NAZEER TAJALDEEN,
FADHIL ABBAS BADIR ALZUAD, ALI
ZWEIN, HAMEED ALZEYADY, ALI
ABBAS BADIR ALZUAD, HASSAN
ZWEIN, MOHSEN ALJABIRI, HUSSEIN
ALJEBORI, ALI ABBAS ALGHANEMY,
MOHAMMED ALBIRAIHY, FATIMA
INTERNATIONAL, INC., ADAM TRADE
GROUP, FEDEK GROUP, INC.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR PROTECTIVE ORDER TO REDACT NAMES AND GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

A complaint was filed pseudonominously by 114 "John Doe" plaintiffs, followed shortly

thereafter by a motion for a protective order asking that the names of these individuals be excluded

from the public record in this case. Since then six of the defendants have filed a motion for a more

definite statement asking the Court to order the plaintiffs to reveal themselves. The complaint

alleges that the parties are all Iraqi-Americans, and that the defendants defrauded the plaintiffs in

an investment scheme. The plaintiffs allege in their motion that they and their families in Iraq have

been threatened with retaliation for bring this lawsuit, and they want to proceed anonymously to

protect themselves, or, more specifically their extended family members in Iraq, from violence, which the plaintiffs assert is a common method of settling disputes in that country.

## I.

The plaintiffs cannot proceed unless the Court grants a protective order. "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *see also Anonymous v. City of Hubbard*, No. 09-01306, 2010 WL 148081, at *1-2 (N.D. Ohio Jan. 11, 2010) (granting defendant's motion for a more definite statement requiring the plaintiff to disclose his identity, after finding the plaintiff's "vague assertion" that he needed to proceed pseudonymously – that he was a police officer and feared retaliation from those he arrested – was not compelling).

As a general matter, a complaint must state the names of all the parties to a case. Fed. R. Civ. P. 10(a). In certain limited and carefully circumscribed circumstances, however, a court may excuse a party from identifying himself. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). But privacy in one's identity in a public forum — such as a federal court — is the exception, not the rule.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal

tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted); *see also Nixon*, 435 U.S. at 597 ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents") (footnotes omitted); ; *Brown & Williamson*, 710 F.2d at 1180 ("The public has a strong interest in obtaining the information contained in the court record.").

There is a strong public policy in favor of public access to judicial proceedings. *See, e.g. EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). Certainly, the Court has the discretion to limit this access in extraordinary cases. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474 (citations omitted).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 602 (1978) (court must consider "relevant facts and circumstances of the particular case"); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 476.

The court of appeals has explained that a party's request to proceed anonymously requires a court to weigh "[s]everal considerations [to] determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d at 560.

> They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).

*Ibid.* In *Porter*, the plaintiffs' suit challenged government activity, involved minor plaintiffs, and "force[d] Plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Ibid.* Revealing these personal beliefs was "'shown to have invited

-4-

an opprobrium analogous to the infamy associated with criminal behavior.'" *Ibid.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)); *cf. Mich. Protection & Advocacy Serv., Inc. v. Caruso*, No. 05-128, 2006 WL 958496, at *1-2 (W.D. Mich. Apr. 10, 2006) (permitting the parties represented by the protection and advocacy organization to proceed anonymously and under a protective order because they were minor prisoners and the information at issue in the case involved medical and mental health treatment); *but see A.J.H. v. Ohio Rehab. Servs. Comm'n*, No. 09-637, 2009 WL 2409575, at *1-2 (S.D. Ohio Aug. 4, 2009) (denying request to proceed pseudonymously under the Rehabilitation Act because information about the plaintiff's ADHD and vocational services was not sufficiently stigmatizing or intimate).

To support a fear of retaliation, the plaintiff must demonstrate that such retaliation is not merely hypothetical but based in some real-world evidence; a simple fear is insufficient. *See, e.g., "Jane Endangered" & "Jane Imperiled" v. Louisville/Jefferson County Metro Gov't Dep't of Inspections*, No. 06-250, 2007 WL 509695, at *1-2 (W.D. Ky. Feb. 12, 2007) (plaintiffs' fears of retaliation for bringing anti-discrimination claims had no support in the record and the court denied the plaintiffs leave to proceed pseudonymously). In *Porter*, for example, the court reviewed letters to the editor of local newspapers that threatened harassment on the plaintiffs if they revealed their names. 370 F.3d at 560-61. A plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability. *Jane Endangered*, 2007 WL 509695, at *2 (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Finally, a court may also "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong*

*Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561). In *Citizens for a Strong Ohio*, the Sixth

Circuit relied on the procedures established in *Doe* to reject claims brought by a John Doe plaintiff.

The court noted that "[o]rdinarily, a plaintiff wishing to proceed anonymously files a protective

order that allows him or her to proceed under a pseudonym." *Ibid.*

## II.

The argument in favor of anonymity in this case focuses on the plaintiffs' fear of retaliation

by the defendants and their compatriots against the family members of the suitor that reside in their

homeland. Three individuals have filed affidavits that describe an apparent cultural phenomenon

for resolution of disputes. They say that it is customary to resort to "violence and kidnaping,"

"reprisals," and methods "outside of the law" to settle disputes, especially between individuals from

different "tribes." The affiants reference conversations with specific defendants in which threats

were conveyed. They believe that Iraqi authorities would not come to their aid. All this, they say,

will result from their efforts to recover a bad investment induced by fraud.

It bears noting that these concerns implicate none of the considerations identified by the

court in *Doe v. Porter*. The plaintiffs here do not profess to avoid public opprobrium that might

result from their litigation, but rather private retaliation by the very people they are suing. The only

way they could avoid that would be by keeping their identities hidden from the defendants

themselves. Yet the protective order they seek does not include that relief. Plaintiffs' counsel states:

> Plaintiffs are not seeking to seal the entire court file or to otherwise withhold
> documents from the public. Nor are Plaintiffs suggesting that courtroom proceedings
> in this case be closed to the public. Most importantly, Plaintiffs are not suggesting
> that their names be kept secret or hidden from Defendants and their counsel in this
> matter.

Br. in Support of Mot. to Redact Names [dkt #23] at 6.

The Court does not find justification for taking the extraordinary measure of keeping secret the names of the plaintiffs who seek to recover their misbegotten investments. The plaintiffs' fear of extraterritorial retaliation no doubt is genuine, but the only way to avoid that would be to keep the defendants in the dark about who is suing them. That would make the case unmanageable, since the Court would have no way of assessing standing, real parties in interest, jurisdiction, or damages. The defendants would have no way of knowing which investors want their money back. Moreover, the plaintiffs (named plaintiffs?) have filed a motion to certify this action as a class action, which if allowed would convert all investors into "plaintiffs," unless they opted out, and according to the present plaintiffs' logic, would subject anyone who invested in the defendants' schemes to reprisal regardless of identity in this litigation. In fact, the class certification motion is a good example of the manageability problems that could result from allowing the plaintiffs to proceed anonymously. The original caption of this case identified "John Does 1 - 114" as plaintiffs, but without properly amending the complaint or otherwise seeking leave, the class certification motion identifies that plaintiffs as "John Does 1 - 145." Who has been added and who, if anyone, has been deleted remains a mystery.

III.

The Court does not find that the plaintiffs' interest in anonymity satisfies the heavy burden they must carry to avoid the standard obligation to identify themselves. "They certainly must inform the defendants who they are — a revelation to which they apparently have no objection. After that, the Court sees no added benefit to anonymity that outweighs the right of access to public records.

Accordingly, it is **ORDERED** that the plaintiffs' motion for a protective order to redact their names from their complaint [dkt #23] is **DENIED**.

It is further **ORDERED** that the motion for more definite statement by defendants Tajaldeen, Al-Birathy, Alzeyady, Zuad, Alzuad, and Al-Ghaleny [dkt #58] is **GRANTED**.

It is further **ORDERED** that the plaintiffs must file an amended complaint that identifies each plaintiff by name **on or before August 19, 2010**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO