UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADHILA ABASS, AHMAD A. ABBAS, RAZAQ HUSSIN
ABID, ASAAD AHMAD, MAHMOOD AHMAD, ABRAHIM
AL ABOODY, YOUSIF AL AMEEDI, MEHSIN AL-BUSAID,
MOHAMMED AL-BUSAID-JWAD, EMAD AL-EDANI,
AHMED AL-FADAWI, HATTAB AL-FARTOUSI, FARIS
AL-GERAWY, ALAA AL-HAJAJ, HIAM AL-HAKIM,
MAJED AL-HAMADANI, MUNIM AL-HASSAN, ABDUL-
AMIR AL-HELU, AMADA AL-HILALI, RIYADHA AL-
HILALI, NAJAH AL-HINDAWY, AHMED AL-HUMADI,
WALAA AL-HUSSEINE, ATEEL AL-HUSSEINY,
SAADOUN AL-HUSSEINY, SALAH AL-HUSSEINY,
ZAYNAB AL-HUSSEINY, HASSAN AL HUSSEINY,
MUNTADAR AL MOUSAWI, AHMED AL-ABOUDY,
MOHAMMED AL-ALI, AMJED AL-ATWANI, TUAMA
AL-BADERY, ALI AL-BIDERY, HASSAN AL-BIDERY,
MOHAMMED AL-BIDERY, FEAKHRYA AL-BUSAID,
ZEID AL-HUSSEINY, ALAA AL-IDANI, SALAH AL-
JAFER, HAIDER AL-JIBORY, IMAD AL-JIBORY, JABER
AL-KARAWI, MARVIN AL-KHAFAJI, OASSIM AL-
KHAFNAWIZ, RATIP AL-KHALIDI, ALI AL-KUBA, ADIL
AL-KUBBA, THABIT AL-MANSSORI, MOHAMMED AL-
MASIH, ALI AL-MUSAWI, MAHMOUD AL-RASHED,
SATAR AL-RUBAI, RAAD AL-SHAMKHANI, JABBAR
AL-SHIBANI, HAIDAR AL-SHIMARY, MURAD AL-
SHIMERY, MOLUD AL-SORIFY, SADIK AL-TAMIMI,
KARAR AL-THWEJ, IBRAHIM AL-TWAINI, ISMAEL
AL-TWAINI, JIMY AL-UBEIDI, GHAZWAN AL-WISHAH,
FAISAL AL-ZERKAN, NAJEH ALABDULRESOOL,
SAMEER ALADILI, ARKAN ABBAS ALANOON, TAHIR
ALARAGY, ALI ALAWI, TUAMA ALBADERY, KADHIM
ALBAHIESH, SABRI HADI ALDAHAN, SAHAR ALDUJAILI,
MUNAF ALEISAWY, HUSSAIN ALFATLAWY, ALI
ALGHURABI, ABDALAMIR ALHAGAR, ABDULKAREM
ALHAMDAN, HAMED NOOR ALHASHIMI, HEISMAT
ALHASSAN, NABIL ALHILFI, RAHIM ALHISNAWI,
NATHAN ALJABIRY, SAAD ALJIBOURY, ABBAS
ALKHAFAGI, TALIB ALKHEKANI, HUSSAIN ALMAHDI,
AHMED ALMALEKY, JAFER ALMOOSAWI, ABDUL
ALMUSAWI, MOHAMMED ALQASSIR, KARRAR
ALRABIAH, MAJID ALRAYES, AHMED ALRUBAIEE,
HAIDAR ALSAIDI, RAHIM ALSHAMARY, SATTAR
ALSHIBAWI, ALI ALSHIBIL, RAHIM ALZERJAWI, AQEEL

Case No: 10-11837
Honorable David M. Lawson

**ORDER DENYING
PLAINTIFFS' MOTION
TO AMEND NAME**

ALZIRGANY, HOUSA ALZIRGHANI, ALI G. AWADI, ADNAN BALLY, BRIANNA BORING, AHMAD FRADI, ISSA J. FRADI, JOSEPH FRADI, KHADIJA FRADI, MOHAMED FRADI, NADA FRADI, RAHEL FRADI, REDA FRADI, BASHEER FTUNI, HASSAN HAMZA, FATIMA HASSAN, HAIDAR HASSON, ANWAR HUSSAIN, HAMEED HUSSAIN, NAZAR IBRAHIM, HATIF IMGOTER, NAJI HATEM JASEM, ABDULRIDHQ JASSIAM, SAMIR HARBY JASSIM, KAZEM JAWAD, JOE JOHNSON, WAEL KAREEM, MALIK KHALSAN, HUSSEIN MAHDI, MAZIN MALALLEH, FAYSAL MAZLOUM, IHSAN MIRZA, SHAKIR MOHAMAD, HUSSEIN A. MOHAMMED, MOHAMMAD MOUSAWI, RAED MUNAIM, FADHIL NASSIR, YUSRA RIDHA, BATOOL SHAMIL, SAMAR SHAREIF, JOSEPH ABBOUD SHORUTI, RIYADH ALI THRAHIM, AHMED TIMIMI, WISSAM TIMIMI, MAZIN YOUSIF-DICKOW, SAMY ALAMEEDI, KHALID ALJABERI, MOHAMMED ALSARRAF, HAIDER AL-SALAMI, AWS NASER, HASAN HUMADI, KHALDOON ALAHMEDI, THANNA AZAWI, RAID ALZIHAIRY, SATTAR AL-MAYALI, NAJI AL-SAIDI, NABIL AHMAD MUTLAK, AAED MUSA AL-KHAFAJI, SALIH ALMUHANA, FAHIL ALABUDI, HUSSAIN SHAKER, HAIDER AL-NASIR, MOHAMAD SOBOH, HABEEB AL-MAYAHI, SAUHAIL ABOOD, MOHAMMED ALI AHMAD', ALI AL SULTANI, HUSSAIN ALAAEDI, AMIR AL-MASHKUR, RASIM ALSAAID, BURHAN ABRAHAM, ALI KAREM, AHMEN ALRUBAIEE, MAITHAM AL-JIBORY, HAIDER ALHASHIMI, NAMEEM ALRABIA, MOSTAFA BELKHALFIA, SADEEM ABOOD, ZUHAIR THARIS, MOHAMMED AL-AETIAJ, IHSAN SHIEKH, ADEL BAKER, STEVE HAKIM, SALEM ALDEJANNI, KADHUM ALABUDI, AMJAD ABBAS AHMAD, ALAA ALABUDI, JASON SHAREEF, AMMAR SULTAN, HASSAN HAMADEH, ABDULLAH HAMDI, BASSIM ALHAJAR, THAYER MALEK, MOHAMMED AL-ASADI, AHMED ALSHIMARY, KARAR ALSHIMARY, BASIM ALI, MONTATHER ALMOSWI, HAIDER ALSALMAN, FERAAS KARKHI, MOHAMMED MERZA, and GADER MIRZA,

        Plaintiffs,

v.

ABDZHRA SHALUSHI, AHMED ALABADI, MOHSIN ALJEBORY, ABDULKHALIQ ALMAHANNA, HASSAN

ZWEIN, MOHSEN ALJABIRI, FATIMA INTERNATIONAL,
INC., ADAM TRADE GROUP, FEDEK GROUP, INC.,
SAAD MISHIT, ALAA AL-YAAQUBI, and FATHEL
MOHAMMED ALJIBORI,

                Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND NAME

Presently before the Court is a motion filed by the plaintiffs entitled "motion to correct name." The plaintiffs explain that they have learned that defendant Mohsen Aljabiri also uses the alias Mohsen Alhussain, and they seek an order adding the defendant's alias to the caption of the case and the docket. They assert that defendant Aljabiri has been served properly at an address associated with both names, but has failed to answer the complaint. A default was entered against Mohsen Aljabiri on August 20, 2011.

On July 6, 2011, the Court entered an order granting in part the plaintiffs' motion for a default judgment against several defendants, including defendant Mohsen Aljabiri. The Court also scheduled a hearing on damages in accordance with Federal rule of Civil Procedure 55(b)(2)(B).

The plaintiffs' motion to correct the defendant's name is untimely because a default already has been entered against that defendant and the issue of damages for the judgment is the only matter remaining to be decided. The plaintiffs do not ask to correct a mere clerical error on the docket, as they might do under Rule 60(a); instead, the plaintiffs' proposed action would alter the identity of the defendant against whom a default has been entered already. *Cf.* Fed. R. Civ. P. 15(c)(1)(C) (indicating that an amendment does not relate back when it "changes the party or the naming of the party against whom a claim is asserted" unless the intended defendant was aware of the lawsuit and his potential involvement in it within the 120-day period established by Rule 4(m)); *Moore v City*

*of Harriman*, 272 F.3d 769, 793 n.14 (6th Cir. 2001) (Surheinrich, J., dissenting). In order to recaption the case and add an alias to the defendant's name, the plaintiffs would need to give the defendant notice that judgment would be sought against him as the person newly identified by an alias. The change in the defendant's identity may be a factor that the defendant would have considered in deciding whether actively to defend the lawsuit. *See Trustees of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1065 (D. Minn. 2007) (observing that when a defendant is served with a complaint, he is put on notice of his legal exposure, and a defendant's choice to default is informed by the information contained in the pleading). "If [the] plaintiff wishes to seek relief that is not described in [its] original complaint, then [it] must amend [its] complaint and serve that amended complaint on the defendant." *Id.* at 1066. The plaintiffs would have to agree to set aside the default before any of those amendments could take effect.

Accordingly, it is **ORDERED** that the plaintiffs' motion to correct name [dkt. #317] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 1, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL