UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADHILA ABASS, AHMAD A. ABBAS, RAZAQ HUSSIN
ABID, ASAAD AHMAD, MAHMOOD AHMAD, ABRAHIM
AL ABOODY, YOUSIF AL AMEEDI, MEHSIN AL-BUSAID,
MOHAMMED AL-BUSAID-JWAD, EMAD AL-EDANI,
AHMED AL-FADAWI, HATTAB AL-FARTOUSI, FARIS
AL-GERAWY, ALAA AL-HAJAJ, HIAM AL-HAKIM,
MAJED AL-HAMADANI, MUNIM AL-HASSAN, ABDUL-
AMIR AL-HELU, AMADA AL-HILALI, RIYADHA AL-
HILALI, NAJAH AL-HINDAWY, AHMED AL-HUMADI,
WALAA AL-HUSSEINE, ATEEL AL-HUSSEINY,
SAADOUN AL-HUSSEINY, SALAH AL-HUSSEINY,
ZAYNAB AL-HUSSEINY, HASSAN AL HUSSEINY,
MUNTADAR AL MOUSAWI, AHMED AL-ABOUDY,
MOHAMMED AL-ALI, AMJED AL-ATWANI, TUAMA
AL-BADERY, ALI AL-BIDERY, HASSAN AL-BIDERY,
MOHAMMED AL-BIDERY, FEAKHRYA AL-BUSAID,
ZEID AL-HUSSEINY, ALAA AL-IDANI, SALAH AL-
JAFER, HAIDAR AL-JIBORY, IMAD AL-JIBORY, JABER
AL-KARAWI, MARVIN AL-KHAFAJI, QASSIM AL-
KHAFNAWIZ, RATIP AL-KHALIDI, ALI AL-KUBA, ADIL
AL-KUBBA, THABIT AL-MANSSORI, MOHAMMED AL-
MASIH, ALI AL-MUSAWI, MAHMOUD AL-RASHED,
SATAR AL-RUBAI, RAAD AL-SHAMKHANI, JABBAR
AL-SHIBANI, HAIDAR AL-SHIMARY, MURAD AL-
SHIMERY, MOLUD AL-SORIFY, SADIK AL-TAMIMI,
KARAR AL-THWEJ, IBRAHIM AL-TWAINI, ISMAEL
AL-TWAINI, JIMY AL-UBEIDI, GHAZWAN AL-WISHAH,
FAISAL AL-ZERKAN, NAJEH ALABDULRESOOL,
SAMEER ALADILI, ARKAN ABBAS ALANOON, TAHIR
ALARAGY, ALI ALAWI, MOHAMMED AL-NASIH, KADHIM
ALBAHIESH, SABRI HADI ALDAHAN, SAHAR ALDUJAILI,
MUNAF ALEISAWY, HUSSAIN ALFATLAWY, ALI
ALGHURABI, ABDALAMIR ALHAGAR, ABDULKAREM
ALHAMDAN, HAMED NOOR ALHASHIMI, HEKMAT
ALHASSAN, NABIL ALHILFI, RAHIM ALHISNAWI,
NATHAN ALJABIRY, SAAD AL-JBOURY, ABBAS
ALKHAFAGI, TALIB ALKHEKANI, HUSSAIN ALMAHDI,
AHMED ALMALEKY, JAFER ALMOOSAWI, ABDUL
ALMUSAWI, MOHAMMED ALQASSIR, KARRAR
ALRABIAH, MAJID ALRAYES, AHMED ALRUBAIEE,
HAIDAR ALSAIDI, RAHIM ALSHAMARY, SATTAR
ALSHIBAWI, ALI ALSHIBIL, RAHIM ALZERJAWI, AQEEL

Case No: 10-11837
Honorable David M. Lawson

**ORDER DENYING
PLAINTIFFS' MOTION
TO AMEND JUDMENT**

ALZIRGANY, HOUSA ALZIRGHANI, ALI G. AWADI, ADNAN BALLY, BRIANNA BORING, AHMAD FRADI, ISSA J. FRADI, JOSEPH FRADI, KHADIJA FRADI, MOHAMED FRADI, NADA FRADI, RAHEL FRADI, REDA FRADI, BASHEER FTUNI, HASSAN MUSA HAMZA, FATIMA HASSAN, HAIDAR HASSON, ANWAR HUSSAIN, HAMEED HUSSAIN, NAZAR IBRAHIM, HATIF IMGOTER, NAJI HATEM JASEM, ABDULRIDHQ JASSIAM, SAMIR HARBY JASSIM, KAZEM JAWAD, JOE JOHNSON, WAEL KAREEM, MALIK KHALSAN, HUSSEIN MAHDI, MAZIN MALALLEH, FAYSAL MAZLOUM, IHSAN MIRZA, SHAKIR MOHAMAD, HUSSEIN A. MOHAMMED, MOHAMMAD MOUSAWI, RAED MUNAIM, FADHIL NASSIR, YUSRA RIDHA, BATOOL SHAMIL, SAMAR SHAREIF, JOSEPH ABBOUD SHORUTI, RIYADH ALI IBRAHIM, AHMED TIMIMI, WISSAM TIMIMI, MAZIN YOUSIF-DICKOW, SAMY ALAMEEDI, KHALID ALJABERI, MOHAMMED ALSARRAF, HAIDER AL-SALAMI, AWS NASER, HASAN HUMADI, KHALDOON ALAHMEDI, THANNA AZAWI, RAID ALZIHAIRY, SATTAR AL-MAYALI, NAJI AL-SAIDI, NABIL AHMAD MUTLAK, AAED MUSA AL-KHAFAJI, SALIH ALMUHANA, FAHIL ALABUDI, HUSSAIN SHAKER, HAIDER AL-NASIR, MOHAMAD SOBOH, HABEEB AL-MAYAHI, SOUHAIL ABOOD, MOHAMMED ALI AHMAD, ALI AL SULTANI, HUSSAIN ALAAEDI, AMIR AL-MASHKUR, RASIM ALSAAID, BURHAN ABRAHAM, ALI KAREM, AHMED ALRUBAIEE, MAITHAM AL-JIBORY, HAIDER ALHASHIMI, NAMEEM ALRABIA, MOSTAFA BELKHALFIA, SADEEM ABOOD, ZUHAIR THARIS, MOHAMMED AL-AETIAJ, IHSAN SHIEKH, ADEL BAKER, STEVE HAKIM, SALEM ALDEJANNI, KADHUM ALABUDI, AMJAD ABBAS AHMAD, ALAA ALABUDI, JASON SHAREEF, AMMAR SULTAN, HASSAN HAMADEH, ABDULLAH HAMDI, BASSIM ALHAJAR, THAYER MALEK, MOHAMMED AL-ASADI, AHMED ALSHIMARY, KARAR ALSHIMARY, BASIM ALI, MONTATHER ALMOSWI, HAIDER ALSALMAN, FERAAS KARKHI, MOHAMMED MERZA, and GADER MIRZA,

                Plaintiffs,

v.

ABDZHRA SHALUSHI, AHMED ALABADI, MOHSIN ALJEBORY, ABDULKHALIQ ALMAHANNA, HASSAN

ZWEIN, MOHSEN ALJABIRI, FATIMA INTERNATIONAL,
INC., ADAM TRADE, GROUP, FEDEK GROUP, INC.,
SAAD MISHIT, ALAA AL-YAAQUBI, and FATHEL
MOHAMMED ALJIBORI,

              Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT

Before the Court is a motion by the plaintiffs to amend a judgment entered by the Court on November 10, 2011. On May 9, 2011, the plaintiffs filed a motion for default judgment against defendants Ahmed Alabadi, Abdzhra Shalushi, Mohsin Aljebory, Mohsen Aljebiri, Abdulkhaliq Almahanna, Hassan Zwein, Saad Mishit, Alaa Al-Yaaqubi, Fathel Mohammed Aljabiri, Fatima International, Inc., Adam Trade, Inc., and Fedek Group, Inc. The Court granted the motion in part after a hearing on June 29, 2011 and scheduled a hearing on damages. The parties appeared before the Court for a hearing on October 25, 2011. During the hearing, the Court granted the plaintiffs' motion for default judgment against the several remaining defendants. The plaintiffs submitted a form of judgment, and the Court entered judgment in favor of the plaintiffs on November 10, 2011.

The plaintiffs now wish to amend the judgment to include an award in favor of Afthal Al-Shami in the amount of $4,050,000. Evidence as to Mr. Al-Shami's damages was presented by the plaintiffs; however, Mr. Al-Shami is not a plaintiff in this case, as he was not named in the complaint. Nevertheless, the plaintiffs contend that this Court should enter judgment in Mr. Al-Shami's favor in order to prevent manifest injustice, arguing that Mr. Al-Shami's claims and damages have effectively been litigated.

Rule 59(e) authorizes the Court "to alter or amend a judgment" upon a proper showing. Fed. R. of Civ. P. 59(e). The decision whether to grant relief under Rule 59(e) is left to the district

-3-

court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action,* 381 F.3d 563, 573 (6th Cir. 2004). The motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998).

The complaint in this case was amended five times, largely in order to add plaintiffs who were not included in the original complaint. Despite these repeated amendments, Mr. Al-Shami is not a party to this case. Adding him as a plaintiff and including him in the judgment would deprive the defendants of notice of his claim and the opportunity to contest it. The power to amend judgment does not grant this Court the power to grant judgment in favor of an individual who is not a party to the case. *See Cooper v. United States*, 340 F.2d 845, 848 (1965). The plaintiffs' motion, therefore, must be denied.

Accordingly, it is **ORDERED** that the plaintiffs' motion to amend judgment [dkt. #342] is **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: December 16, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2011.

s/Deborah R. Tofil<br>DEBORAH R. TOFIL