UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADHILA ABASS, AHMAD A. ABBAS, RAZAQ HUSSIN
ABID, ASAAD AHMAD, MAHMOOD AHMAD, ABRAHIM
AL ABOODY, YOUSIF AL AMEEDI, MEHSIN AL-BUSAID,
MOHAMMED AL-BUSAID-JWAD, EMAD AL-EDANI,
AHMED AL-FADAWI, HATTAB AL-FARTOUSI, FARIS
AL-GERAWY, ALAA AL-HAJAJ, HIAM AL-HAKIM,
MAJED AL-HAMADANI, MUNIM AL-HASSAN, ABDUL-
AMIR AL-HELU, AMADA AL-HILALI, RIYADHA AL-
HILALI, NAJAH AL-HINDAWY, AHMED AL-HUMADI,
WALAA AL-HUSSEINE, ATEEL AL-HUSSEINY,
SAADOUN AL-HUSSEINY, SALAH AL-HUSSEINY,
ZAYNAB AL-HUSSEINY, HASSAN AL HUSSEINY,
MUNTADAR AL MOUSAWI, AHMED AL-ABOUDY,
MOHAMMED AL-ALI, AMJED AL-ATWANI, TUAMA
AL-BADERY, ALI AL-BIDERY, HASSAN AL-BIDERY,
MOHAMMED AL-BIDERY, FEAKHRYA AL-BUSAID,
ZEID AL-HUSSEINY, ALAA AL-IDANI, SALAH AL-
JAFER, HAIDAR AL-JIBORY, IMAD AL-JIBORY, JABER
AL-KARAWI, MARVIN AL-KHAFAJI, QASSIM AL-
KHAFNAWIZ, RATIP AL-KHALIDI, ALI AL-KUBA, ADIL
AL-KUBBA, THABIT AL-MANSSORI, MOHAMMED AL-
MASIH, ALI AL-MUSAWI, MAHMOUD AL-RASHED,
SATAR AL-RUBAI, RAAD AL-SHAMKHANI, JABBAR
AL-SHIBANI, HAIDAR AL-SHIMARY, MURAD AL-
SHIMERY, MOLUD AL-SORIFY, SADIK AL-TAMIMI,
KARAR AL-THWEJ, IBRAHIM AL-TWAINI, ISMAEL
AL-TWAINI, JIMY AL-UBEIDI, GHAZWAN AL-WISHAH,
FAISAL AL-ZERKAN, NAJEH ALABDULRESOOL,
SAMEER ALADILI, ARKAN ABBAS ALANOON, TAHIR
ALARAGY, ALI ALAWI, MOHAMMED AL-NASIH, KADHIM
ALBAHIESH, SABRI HADI ALDAHAN, SAHAR ALDUJAILI,
MUNAF ALEISAWY, HUSSAIN ALFATLAWY, ALI
ALGHURABI, ABDALAMIR ALHAGAR, ABDULKAREM
ALHAMDAN, HAMED NOOR ALHASHIMI, HEKMAT
ALHASSAN, NABIL ALHILFI, RAHIM ALHISNAWI,
NATHAN ALJABIRY, SAAD AL-JBOURY, ABBAS
ALKHAFAGI, TALIB ALKHEKANI, HUSSAIN ALMAHDI,
AHMED ALMALEKY, JAFER ALMOOSAWI, ABDUL
ALMUSAWI, MOHAMMED ALQASSIR, KARRAR
ALRABIAH, MAJID ALRAYES, AHMED ALRUBAIEE,
HAIDAR ALSAIDI, RAHIM ALSHAMARY, SATTAR
ALSHIBAWI, ALI ALSHIBIL, RAHIM ALZERJAWI, AQEEL

Case No: 10-11837
Honorable David M. Lawson

**OPINION AND ORDER
DENYING MOTIONS BY
DEFENDANT AHMED
ALABADI FOR RELIEF
FROM DEFAULT
JUDGMENT AND TO
STAY PROCEEDINGS**

ALZIRGANY, HOUSA ALZIRGHANI, ALI G. AWADI,
ADNAN BALLY, BRIANNA BORING, AHMAD FRADI,
ISSA J. FRADI, JOSEPH FRADI, KHADIJA FRADI,
MOHAMED FRADI, NADA FRADI, RAHEL FRADI, REDA
FRADI, BASHEER FTUNI, HASSAN MUSA HAMZA, FATIMA
HASSAN, HAIDAR HASSON, ANWAR HUSSAIN, HAMEED
HUSSAIN, NAZAR IBRAHIM, HATIF IMGOTER, NAJI
HATEM JASEM, ABDULRIDHQ JASSIAM, SAMIR HARBY
JASSIM, KAZEM JAWAD, JOE JOHNSON, WAEL KAREEM,
MALIK KHALSAN, HUSSEIN MAHDI, MAZIN MALALLEH,
FAYSAL MAZLOUM, IHSAN MIRZA, SHAKIR MOHAMAD,
HUSSEIN A. MOHAMMED, MOHAMMAD MOUSAWI,
RAED MUNAIM, FADHIL NASSIR, YUSRA RIDHA,
BATOOL SHAMIL, SAMAR SHAREIF, JOSEPH ABBOUD
SHORUTI, RIYADH ALI IBRAHIM, AHMED TIMIMI,
WISSAM TIMIMI, MAZIN YOUSIF-DICKOW, SAMY
ALAMEEDI, KHALID ALJABERI, MOHAMMED ALSARRAF,
HAIDER AL-SALAMI, AWS NASER, HASAN HUMADI,
KHALDOON ALAHMEDI, THANNA AZAWI, RAID
ALZIHAIRY, SATTAR AL-MAYALI, NAJI AL-SAIDI, NABIL
AHMAD MUTLAK, AAED MUSA AL-KHAFAJI, SALIH
ALMUHANA, FAHIL ALABUDI, HUSSAIN SHAKER,
HAIDER AL-NASIR, MOHAMAD SOBOH, HABEEB AL-
MAYAHI, SOUHAIL ABOOD, MOHAMMED ALI AHMAD,
ALI AL SULTANI, HUSSAIN ALAAEDI, AMIR AL-
MASHKUR, RASIM ALSAAID, BURHAN ABRAHAM, ALI
KAREM, AHMED ALRUBAIEE, MAITHAM AL-JIBORY,
HAIDER ALHASHIMI, NAMEEM ALRABIA, MOSTAFA
BELKHALFIA, SADEEM ABOOD, ZUHAIR THARIS,
MOHAMMED AL-AETIAJ, IHSAN SHIEKH, ADEL BAKER,
STEVE HAKIM, SALEM ALDEJANNI, KADHUM ALABUDI,
AMJAD ABBAS AHMAD, ALAA ALABUDI, JASON
SHAREEF, AMMAR SULTAN, HASSAN HAMADEH,
ABDULLAH HAMDI, BASSIM ALHAJAR, THAYER MALEK,
MOHAMMED AL-ASADI, AHMED ALSHIMARY, KARAR
ALSHIMARY, BASIM ALI, MONTATHER ALMOSWI,
HAIDER ALSALMAN, FERAAS KARKHI, MOHAMMED
MERZA, and GADER MIRZA,

     Plaintiffs,

v.

ABDZHRA SHALUSHI, AHMED ALABADI, MOHSIN
ALJEBORY, ABDULKHALIQ ALMAHANNA, HASSAN

ZWEIN, MOHSEN ALJABIRI, FATIMA INTERNATIONAL,
INC., ADAM TRADE, GROUP, FEDEK GROUP, INC.,
SAAD MISHIT, ALAA AL-YAAQUBI, and FATHEL
MOHAMMED ALJIBORI,

                Defendants.

_____/

### OPINION AND ORDER DENYING MOTIONS BY DEFENDANT AHMED ALABADI FOR RELIEF FROM DEFAULT JUDGMENT AND TO STAY PROCEEDINGS

On October 27, 2011, the Court entered a default against defendant Ahmed Alabadi following multiple failures by the defendant to comply with the discovery orders of the Court. The defendant has contended that he has refused to appear for his deposition because he fears for his safety, particularly at the hands of some of the many plaintiffs in this case. However, despite multiple attempts to address the defendant's fears and efforts to accommodate his security concerns, the discovery in the case was thwarted and the action could not proceed. The defendant has now filed a motion for relief from the judgment entered against him, pledging in his motion that he will submit to the plaintiffs' questions at a deposition. However, due to the subsequent developments, which include the defendant's arrest on fraud and money laundering charges, a deposition any time soon appears unlikely. The defendant has altered his request now to include vacatur of the judgment and a stay of proceedings. The Court does not believe that defendant has demonstrated entitlement to that relief.

The defendant has brought his motion under the authority of Federal Rule of Civil Procedure 60(b). Generally, when considering a Rule 60(b) motion to set aside the entry of a default judgment, the Court should consider "the three factors which control the decision of a Rule 55(c) motion to set aside entry of default." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). However, as the defendant acknowledged at oral argument on March 7, 2012,

where the default judgment is not based on a prior failure to appear or answer, those three factors are not directly applicable, and an analysis under the factors for Rule 60(b) relief is more appropriate. But even then, when relief is sought under Rule 60(b) from a default judgment, the *United Coin* factors play a role. *See Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

The defendant filed his first motion for relief from judgment on November 8, 2011, two days before judgment was formally entered on November 10, 2011. On January 15, 2012, the defendant filed a second motion for relief from judgment that is identical to the November 8, 2011 motion (and is actually dated November 8, 2011). However, the January 15, 2012 motion also included a "notice of availability of defendant Ahmed Alabadi for deposition." In addition, that same day the defendant filed an amended motion to take his own deposition. Finally, on March 5, 2012, two days before the hearing scheduled on the defendant's motions, defendant Alabadi filed a supplemental brief that informed the Court of his recent arrest and requested the latest version of his preferred relief.

Under Rule 55(c), the defendant must demonstrate good cause to set aside a default. The three factors to be considered in determining whether a defendant has demonstrated good cause are "whether the plaintiff will be prejudiced," "whether the defendant has a meritorious defense," and "whether the culpable conduct of the defendant led to the default." *United Coin Meter Co., Inc.* 705 F.2d at 845 (internal quotations omitted). However, "the standard for applying [those factors] to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011).

-4-

With respect to the first Rule 55(c) factor — prejudice to the plaintiffs — "the relevant inquiry concerns the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from the defendant's conduct." *Id*. at 42. In order to demonstrate prejudice under Rule 55(c), the plaintiff must show that "delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation omitted). "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin Meter Co., Inc.*, 705 F.2d at 845. Delay or increased litigation costs are also insufficient to demonstrate prejudice. *Dassault Systemes, SA*, 663 F.3d at 842. Unsurprisingly, given the defendant's failure to address Rule 55(c), neither party has offered argument specifically addressing prejudice to the plaintiffs. The defendant has asserted that setting aside the default judgment would provide an opportunity for settlement discussions and that no meaningful resolution of the case is possible without the participation of defendant Alabadi. In response, the plaintiffs observe that defense counsel has stated in the past that defendant Alabadi would not appear for a deposition unless the default is set aside and argue that once the default is set aside, defendant Alabadi will have lost any incentive to appear. Alabadi's recent indictment also creates significant problems for discovery.

With respect to the second factor, "[i]n determining whether a defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.'" *United Coin Meter Co., Inc.*, 705 F.2d at 845. (quoting *Keegel v. Key West & Carribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense

has been advanced." *Ibid.* "Thus, even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault*, 663 F.3d at 843.

The only defense that the defendant's motions raise is a possible objection on the grounds that the Court does not have personal jurisdiction over him because he does not reside in the United States. However, the defendant specifically disavowed that defense at oral argument on the motion, and he agreed that the Court has personal jurisdiction over him.

The third factor requires an assessment of culpability. The Sixth Circuit has held that "[a] party's conduct is culpable if it displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (internal quotation omitted). "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 195 (6th Cir. 1986). When the defendant is seeking to avoid a judgment rather than to set aside an entry of default judgment, "the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry" with respect to culpability. *Waifersong, Ltd. Inc.*, 976 F.2d at 292.

The defendant has failed to appear for several noticed depositions and to participate in discovery. In fact, the failure to participate in discovery was the reason the Court granted the default judgment for the plaintiffs. The defendant argues that his failure to participate was due to threats against him and his family, as well as ransacking of corporate offices in Iraq. However, other than his own statement, he has not offered any evidence of those facts, such as affidavits, photographs,

or reports from civil authorities.  Moreover, the Court already has found that the defendant's conduct

in this case displayed an intent to frustrate the proceedings before this Court.

     As noted above, where the defendant is seeking to avoid a judgment, the culpability

determination is narrowed to a consideration of the requirements of Federal Rule of Civil Procedure

60(b).  Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final

judgment for the six following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

     A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district

court."  *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).  Relief from a judgment

or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted

only in exceptional circumstances."  *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491,

502-03 (6th Cir. 2000).  Rule 60(b) "does not allow a defeated litigant a second chance to convince

the court to rule in his or her favor by presenting new explanations, legal theories, or proof."  *Jinks

v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *see also* E.D. Mich. LR 7.1(g)(3) ("[T]he

court will not grant motions for rehearing or reconsideration that merely present the same issues

ruled upon by the court, either expressly or by reasonable implication.").  In order to qualify for

relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Ibid*.

The defendant has not discussed specifically how Rule 60(b) applies to the facts of this case. The defendant merely has quoted subsections 1, 2, 5, and 6 of Rule 60(b), and presumably he intends his request to fall under one of those four subsections.

Rule 60(b)(1) provides that a court may grant relief in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Supreme Court has stated that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993). "Where a party seeks relief from a default judgment, Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'" *Williams*, 346 F.3d at 613 (quoting *United Coin*, 705 F.2d at 844-45). "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). In determining whether it is appropriate to grant relief from a default judgment under Rule 60(b)(1), the Sixth Circuit has found relevant whether default judgment resulted from "intransigence" or from "misunderstanding." *INVST Financial Group, Inc.*, 815 F.2d at 400.

The defendant's motion does not set out facts or argument that would justify granting relief under the factors outlined in *Burrell*. The defendant's failure to cooperate in discovery dates from at least November 2010, when the defendant first failed to appear for a scheduled deposition. The defendant has failed repeatedly to appear for scheduled depositions since that time; most recently,

the defendant failed to appear for a deposition scheduled to take place in the two weeks between the Court's order granting the plaintiffs' motion for judgment and the entry of judgment. The Court granted the defendant's previous motion to set aside a default on January 13, 2011. By the defendant's admission, he has been out of touch with defense counsel for a significant portion of this litigation. The defendant's motion contains a thinly-veiled threat that he will refuse to comply with this Court's judgment and will conceal the location of his remaining assets. In short, the defendant's conduct in this case can hardly be said to be an example of the good faith that could justify a relief from the default judgment against him.

The defendant argues that his failure to cooperate was due to "the poorly developed infrastructure in the Middle East," "the extra-judicial self-help of certain Plaintiffs," and "perennial death threats against Defendant and his family." Def.'s Mot. for Relief from Judgment at 9. The defendant has also provided an affidavit stating that he was subjected to death threats and that his property has been "ransacked" in Iraq, explaining that his failure to communicate with his attorney was due to a fear that "[his] enemies might be able to access [his] email communications." *Id*. at 11. But those allegations are entirely uncorroborated and are not given much weight by the Court.

Rule 60(b)(2) provides that a court may grant relief from judgment when presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail on a motion for relief from judgment on that basis, "the moving party must show that it used due diligence in obtaining the information and that the evidence is so material that it is outcome determinative." *Crawford v. TRW Automotive U.S. LLC*, 560 F.3d 607, 615 (6th Cir. 2009).

Granting relief from judgment on this ground is singularly unsuited in the context of a default judgment, where a decision has not been made on the merits. Nevertheless, the defendant has neither identified any information that was not available in time to move for a new trial, nor has he made any showing of due diligence.

Rule 60(b)(5) allows a court to grant relief where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). There is no argument to be made that the judgment has been satisfied, released or discharged, or that it is based on an earlier judgment. Therefore, the defendant must be arguing that applying the judgment prospectively is no longer equitable. But that section of the rule is inapplicable because the judgment in this case is for a sum of money. As the Sixth Circuit has explained, "[i]njunctions (permanent or temporary), some declaratory judgments, and particularly consent decrees are prospective judgments susceptible to a Rule 60(b)(5) challenge. Money judgments, however, do not generally have prospective application because they are final in the sense of involving a set monetary outlay. *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (citations omitted).

Finally, Federal Rule of Civil Procedure 60(b)(6) permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has held that a court may grant relief under this rule "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks*, 250 F.3d at 387). In addition, "something more than one

-10-

of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011).

The defendant has provided nothing beyond his allegations of threats to his personal security that would constitute "exceptional and extraordinary circumstances" justifying relief from the default judgment under Rule 60(b)(6). However, those alleged threats are offered as an excuse for the defendant's neglect under Rule 60(b)(1) and therefore do not constitute "something more" than the grounds in that section. Although this case as a whole certainly could be characterized as "unusual," the Court is not persuaded that the principles of equity mandate relief for the defendant.

Accordingly, it is **ORDERED** that the defendant's motions and amended motion to vacate the default judgment [dkt. #338, 453] and to take his own deposition [dkt. #344] are **DENIED**.

It is further **ORDERED** that the request to stay proceedings is **DENIED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 8, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---

-11-