UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADHILA ABASS, et al.,                    Case No. 10-11837

        Plaintiffs,                    District Judge David M. Lawson

v.                                        Magistrate Judge R. Steven Whalen

ABDZHRA SHALUSHI, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Fadhel Mohammed Al-Jebori's *Motion to Set Aside Default Judgment* [Docket #456], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be DENIED.

**I. BACKGROUND FACTS**

This case pertains to a Ponzi scheme involving over 200 Plaintiffs and 11 current Defendants. Alleging improper service of the Complaint, Defendant Fadhel Mohammed Al-Jebori seeks relief from a final judgment entered on November 10, 2011.

The court docket shows that a summons for Defendant was issued on October 15, 2010 and returned executed on November 22, 2010. *Docket #172, 193.* A clerk's entry of default was entered against Defendant on March 9, 2011. *Docket #250.* Plaintiffs filed a

motion for default judgment on May 9, 2011, which was granted on July 6, 2011. *Docket #291, 312.* A final judgment was entered on November 10, 2011. On January 19, 2012, a number of requests and writs of non-periodic garnishment were issued against Defendant. *Docket #387-394.* Defendant filed the present motion on May 21, 2012.

## II.  APPLICABLE LAW

Fed. R. Civ. P. 60(b) provides the following bases for setting aside a default judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), the Court enunciated three factors to consider in deciding either to set aside an entry of default under Fed. R. Civ. P. 55(c) or a default judgment pursuant to 60(b)(1): "[1] [w]hether the plaintiff will be prejudiced; [2] [w]hether the defendant has a meritorious defense; and [3] [w]hether culpable conduct of the defendant led to the default." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir.2003). "'A party seeking relief must first demonstrate a lack of culpability before  the court examines the remaining two factors.' " *Yeschick v. Mineta,* 675 F.3d 622, 628 -629 (6th Cir. 2012)(*citing Flynn v. People's Choice Home Loans, Inc.,* 440 Fed.Appx. 452, 457–58 (6th Cir.2011)). Where evidence shows that "the defendant

is seeking to avoid a judgment rather than to set aside an entry of default judgment, 'the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry' with respect to culpability." *Abass v. Shalushi* WL 750532, *2 (E.D.Mich. March 8, 2012)(*citing Waifersong, Ltd. Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992)).

The decision to vacate a default judgment is entrusted to the court's discretion. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Rule 60(b) must be applied "equitably and liberally...to achieve substantial justice." *Williams,* 346 F.3d at 613. Because of the strong policy consideration that cases should be decided on their merits, a court faced with a motion to set aside a default judgment should construe disputed or ambiguous facts in the light most favorable to the defendant. *INVST Financial Group, Inc. V. Chem-Nuclear Systems, Inc.*, 815 F.2d. 391, 398 (6th Cir. 1987), *quoting Jackson v. Beech*, 636 F.2d 831, 838 (D.C. Cir. 1980).

### III. ANALYSIS

The third *United Coin Meter Co.* factor (the Defendant's culpable conduct), applied to Rule 60(b)(1), militates strongly against the Defendant. He argues that Plaintiffs' failure to serve the Complaint and his ignorance of the legal process are responsible for the fact that he did not defend the now-closed action. *Defendant's Brief* at 1-3. Somewhat inconsistently, he also argues that the service of the Complaint was invalid because it contained a misspelling of his last name. *Id.* at 1-2. However, Defendant has since admitted at a July 6, 2012 deposition that he was aware that he was being sued at the time of service,

notwithstanding the fact that the Complaint referred to him as Al-Jibori rather than his legal name of Al-Jebori. *Defendant's Supplemental Brief, Docket #469, Exhibit 2, Al-Jebori Deposition* at 96.

Defendant denies being served with the Complaint but alleges instead that he was served with "a package" around March or April, 2011. *Id., Exhibit 1, Affidavit of Fadhel Mohammad Al-Jebori,* at ¶¶1-2. He disputes an Affidavit of Service signed by Herb Alexander which states that service occurred at approximately 12:00 p.m. on November 10, 2010. *Plaintiffs' Response, Docket #460, Exhibit 2.* To show that he could not have been served on November 10, Defendant has provided an affidavit by the president of Great Truckers Driving School stating that he attended trucking school Monday through Friday from 9:00 a.m. to 3:00 p.m. everyday between November 1, 2010 and January 29, 2011. *Supplemental Brief, Exhibit 3, Affidavit,* at ¶¶1-2.[1]

However, Defendant's own deposition testimony and affidavit defeat his claim that he did not receive the Complaint on November 10, 2010. He testified that he called Plaintiffs' attorneys following receipt of service and was assured that being sued *would not prevent him from continuing his truck driving classes. Defendant's Supplemental Brief, Exhibit 2, Al-Jebori Deposition* at 95. Defendant has provided the affidavit from the president of Great Truckers Driving School to show that he would have been in class at the time of the alleged service. However, the fact he admitted that he was attending truck

---

[1]November 10, 2010 fell on a Wednesday.

driving school at the time of the alleged service would place the process of service between November 1, 2010 and January 29, 2011 - not in March or April, 2011 as stated in his affidavit. *See Id., Exhibit 1, Supplemental Affidavit of Al-Jebori,* at ¶¶1-2. Moreover, Defendant's affidavit also states that during the time that he received the "package" from Plaintiffs' attorneys, he was attending truck driving school. *Id.* at ¶6. Defendant's statements that he received the package while attending truck driving school is completely consistent with the return of service showing that he was served on November 10, 2011.

Defendant also states that after being served with the package, he contacted Plaintiffs' attorney, David Hansma, who told him that (1) Plaintiffs could not collect on the judgment and, (2) Defendant would be dismissed if he were willing to be a witness. *Defendant's Supplemental Brief, Exhibit 1, Affidavit of Al-Jebori,* at ¶¶3-4. Defendant also alleges that Hansma failed to tell him that he needed to file an answer. *Id.* However, Hansma has submitted an affidavit denying that he agreed to dismiss Defendant or that a judgment would not be collected against him. *Plaintiffs' Response, Docket #460, Exhibit 4, Affidavit of David Hansma* at ¶4.

Given the surrounding facts, Defendant's claim that he somehow believed that he was dismissed from the Complaint does not constitute excusable neglect. He does not allege that he was subsequently asked to provide testimony, contribute otherwise to Plaintiffs' case, or memorialize the conditions of the supposed agreement to dismiss the case. Defendant, not represented at the time of service, was "entitled to a limited degree of procedural protections as provided by statutes and case law," but not "[a] complete dispensation of procedural

rules." *Casio Computer Co., Ltd. v. Noren,* 35 Fed.Appx. 247, 250, 2002 WL 552350, *2 (7th Cir. April 5, 2002)(pro se defendant's "inability or refusal to read and follow the Federal Rules' plain language certainly does not rise to the level of excusable neglect")(*citing Provident Savings Bank v. Popovich,* 71 F. 3d. 696, 699-700 (7th Cir. 1995). A finding of excusable neglect "is reserved for miscarriages of justice caused, for instance, by a judicial officer's misrepresentations, lost mail, or plausible misinterpretations of ambiguous rules." *Id.* (*citing Prizevoits v. Ind. Bell Tel. Co.,* 76 F.3d 132, 134 (7th Cir.1996)).

Defendant's inability to show that his failure to respond to the Complaint resulted "mistake, inadvertence, surprise, or excusable neglect" obviates the need to consider whether his defense is meritorious or Plaintiffs were prejudiced by the delay. *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir. 1995)(*citing Waifersong,* 976 F.2d at 292). I agree with Plaintiffs' argument that they would nonetheless be prejudiced by Defendant's failure to file the present motion until six months after the default judgment was entered, noting that in the meantime, "other defendants have fled to Iraq, witnesses have disappeared, parties have moved, and evidence has been lost." *Plaintiffs' Response* at 12, *Exhibit 5, Affidavit of Tuama Al-Badery* at ¶7. It is also questionable whether Defendant has a meritorious defense, since he has admitted, at the very least, that he acted as a courier to the principals in the Ponzi scheme. *Id.* at 12-13;*Docket #456,* at 173 of 174*, Affidavit of Al-Jebori* at ¶9. Finally, Defendant has not alleged that setting aside the judgment is appropriate under any other of the Rule 60(b) factors, *i.e.,* newly discovered evidence, fraud, a void judgment , or satisfaction of judgment.

Because Defendant is unable to satisfy the elements required to set aside a judgment under Rule 60(b), his motion should be denied.

### III. CONCLUSION

For these reasons, I recommend that Defendant's motion [Doc. #456] be DENIED.

Any objections to this Report and Recommendation must be filed 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
Dated: March 14, 2013             UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 14, 2013.

s/Johnetta M. Curry-Williams
Case Manager